No. 2132.  TALBOTT & SONS *v.* P. W. SANDIFER.  On April 21, 1883, the plaintiffs sold a steam engine, &c., to defendant, and the following agreement in writing was made :

An agreement made and entered into by and between Talbott & Sons, of the city of Richmond, State of Virginia, of the one part, and P. W. Sandifer, Bamberg, S. C., of the other part.

*Witnesseth :* That the said Talbott & Sons agree to furnish said P. W. Sandifer the following articles, viz., one 20 h. p. standard stationary engine   *   *   *   .complete, to be ready for delivery on car at Bamberg, S. C., on or about the 1st of June, 1883, for the consideration of the payment of $1,800, as follows : two hundred dollars cash in hand upon delivery of machinery ;  six hundred dollars in note, due 1st November, 1883 ;  six hundred dollars in note, due 1st January, 1884, and the delivery at Bamberg, S. C., of one H. P. Bigelow engine, valued at $400.  Note to bear date of bill of lading, with 7 per cent. interest added.   The condition of the above contract is, that the legal title and right of property in and to the above described property is to remain and be vested in Talbott & Sons, of Richmond, Virginia, to take.possession of the said property at any time after the maturity of said note, or either of them ; but in case the said notes are paid off, then the title of said property to vest in the said P. W. Sandifer.  Talbott & Sons warrant the above described machinery to be of good material and workmanship, and to perform in a satisfactory manner when properly used ; also, are to send a competent man to superintend the setting up and starting of same, free of charge, and are to grant an extension of January note, if necessary.  It is understood that no warranty or verbal understanding of any kind

exists in regard to the present contract—other than what is herein expressly stated.   In witness whereof, &c.

This agreement was recorded.   Defendant paid the cash and executed the two notes, but did nothing more, and in September, 1884, plaintiffs seized and sold the property purchased, and applied the proceeds, $600, to the first note, and sued for the balance due on the notes, and in a separate action for the recovery of the Bigelow engine.   The Circuit Judge (Cothran) ordered a non-suit, in both cases ruling that as the title to the property had never passed out of the plaintiffs, and the possession being again united with the title, the defendant was entitled to the judgment; that if plaintiffs had a cause of action at all, it must be in the nature of a suit for damages, and not upon the written contract, the consideration of which, to wit, the machinery, was now in their possession with title to the same undisputed.

On appeal, this ruling was reversed, this court holding that the contract was not a conditional sale, but an absolute sale, the cash, notes, and engine being accepted as payment, and the property purchased pledged as security.   The agreement, therefore, was a mortgage or an instrument in the nature of a mortgage, and plaintiffs were entitled to recover the balance due.   OPINION by MR. JUSTICE McIVER, November 25, 1887.   *James E. Davis*, for appellant.   *Skinner & Williams*, contra.